IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES V. CAICO,

    Plaintiff,                    No. CIV S-00-2330 GEB KJM P

    vs.

McTERNAN, et al.,

    Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiff is a former inmate proceeding pro se with a civil rights action.

        On April 29, 2003, the court issued a scheduling order, which required plaintiff to file his pretrial statement by January 9, 2004 and set the dates for pretrial conference and trial.

        On January 7, 2004, plaintiff filed a request to continue the dates set in the scheduling order for four months. On February 13, 2004, this motion was denied because plaintiff had not shown cause for the delay. He was given an additional ten days to file his pretrial statement.

/////

/////

/////

/////

1

On February 26, 2004, plaintiff filed a request for an extension of time in which to file his pretrial statement. On March 17, 2004, the court granted plaintiff an additional ten days, but warned plaintiff it would give him no further time absent documented extraordinary circumstances. It also cautioned him that failure to comply would result in a recommendation that the action be dismissed.

On March 29, 2004, plaintiff again asked for further time in which to file his pretrial statement; the court granted plaintiff an additional fifteen days in which to comply. On April 14, 2004, the court vacated the previously set trial dates as a result of plaintiff's failure to file his pretrial statement.

Plaintiff did not file his pretrial statement within the additional fifteen days he was given, but instead filed a letter explaining that he had not consented to the magistrate judge, and a request for injunctive relief asking for law library access so he could prepare his pretrial statement. Defendants filed an opposition to plaintiff's further requests for additional time, providing documents showing that plaintiff had used the law library at least three times since he was placed in administrative segregation.

On May 28, 2004, the court issued findings and recommendations, recommending that the action be dismissed for plaintiff's failure to prosecute. The district court adopted the findings and recommendations on August 4, 2004.

Plaintiff appealed and on May 25, 2006, this court received the Court of Appeals' judgment, reversing and remanding the case for further proceedings.

On July 5, 2006, plaintiff filed a motion for the appointment of counsel and a "request for pretrial statement and conference." In the latter, plaintiff said he had recently had surgery, which would require four to six weeks for recovery, but said he "wish[ed] to submit all exhibits; evidence, witness testimony; defendants statements contained in case's 2330 and 04-16657 [Court of Appeal number], to the court, et cetera . . ." (punctuation as in original). He did not say that his health would prevent his continued litigation of this case.

2

On August 30, 2006, the court denied plaintiff's motion to appoint counsel and set dates for the filing of pretrial statement, pretrial conference and trial.  Plaintiff was directed to file his pretrial statement by October 13, 2006 and was warned once again that failure to comply might result in sanctions, including dismissal.

Plaintiff did not file his pretrial statement.

On October 26, 2006, the court directed plaintiff to show cause why the action should not be dismissed for failure to comply with court orders and for failure to prosecute.

On November 8, 2006, plaintiff filed another motion for the appointment of counsel and a "motion to show cause."   In support of both, he describes the difficulty he has had in finding counsel and attaches a copy of a letter from Dr. Mark A. Winchester.  Dr. Winchester's letter, addressed to the El Dorado County Department of Child Support Services, provides a history of plaintiff's chronic heart failure, describes the June 13, 2006 surgery to implant a pacemaker, and refers to the medications plaintiff takes to control his cardiac arrhythmia. Dr. Winchester describes plaintiff as having symptoms of fatigue and shortness of breath with moderate exertion and requiring frequent rests during the day.  In Dr. Winchester's opinion, plaintiff is unable to perform the duties of any occupation.  Plaintiff has provided no other explanation for his failure to comply with the court's order.

In evaluating plaintiff's claim that his health has prevented him from filing his pretrial statement, the court finds it significant that plaintiff filed a motion to have the dates set <u>after</u> his latest surgery without alluding to any difficulty complying with the asked-for schedule after the four to six weeks of recuperation.   It is also significant that as plaintiff's due date approached, he did not seek additional time or otherwise contact the court.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir.), <u>cert.</u> <u>denied</u>, 506 U.S. 915 (1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the

3

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for six years and has twice reached the stage of preparation for pretrial conference and jury trial. (See Scheduling Orders, filed April 29, 2003 and August 30, 2006.) Plaintiff's failure to comply with the latest order after he specifically asked that the schedule be set suggests that he is trifling with the court. The court sees little point in using scarce judicial resources to address litigation that plaintiff appears unwilling to pursue on any schedule but his own.

The fifth factor also favors dismissal. The court has repeatedly informed plaintiff that his failure to comply with court orders will result in dismissal. Moreover, it appears from the letter offered as an exhibit to plaintiff's response, he lacks the financial resources to pay a monetary sanction. The court finds no suitable alternative to dismissal of this action. Ortiz-Rivera v. Municipal Government of Toa Alta, 214 F.R.D. 51 (D. P.R. 2003) (disregard of scheduling orders "robs them of their utility" and justifies dismissal); Fed. R. Civ. P. 16(f).

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to file his pretrial statement, also should be given some weight. See Ferdik, 963 F.2d at 1262. The pretrial statement is an aid to simplifying the issues and identifying undisputed factual issues before the pretrial order is prepared and ultimately before trial. Plaintiff's failure to file his pretrial statement raises the real possibility of an unnecessarily long trial for the defendants, himself and the court. Joseph v. United States, 121 F.R.D. 406, 412 (D. Haw. 1988).

4

1	The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, in light of plaintiff's refusal to comply with scheduling orders, it is not at all certain that the case will reach trial within the foreseeable future. In addition, for the reasons set forth above, the first, second, third and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 29, 2006.

_____
U.S. MAGISTRATE JUDGE

2
caic2230.57